Filed 5/10/22  P. v. Hoang CA6
(opinion on transfer from Supreme Court)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>HAN QUOC HOANG,<br><br>　　Defendant and Appellant. | H046550<br>(Santa Clara County<br>Super. Ct. No. C1370251) |

Defendant Han Quoc Hoang challenges the trial court's ruling declining to exercise its discretion, under Penal Code section 12022.53, subdivision (h),[1] to strike defendant's section 12022.53, subdivision (d) firearm enhancement.  Defendant argues that the court abused its discretion by refusing to consider imposing a lesser firearm enhancement under section 12022.53, subdivisions (b) or (c).

We previously rejected defendant's argument and affirmed the trial court's order declining to strike the section 12022.53, subdivision (d) firearm enhancement.  The California Supreme Court granted review, and deferred further action pending consideration and disposition of a related issue in *People v. Tirado*.  (*People v. Hoang*, review granted Sept. 29, 2021, S270553.)  Thereafter, the Supreme Court issued *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), which addressed whether a court may impose a

---

[1] All further statutory references are to the Penal Code.

1

lesser uncharged firearm enhancement under section 12022.53, subdivisions (b) or (c) after striking a firearm enhancement under subdivision (d). *Tirado* concluded that "[w]hen an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed . . . the court may . . . impose an enhancement under section 12022.53(b) or (c)." (*Tirado*, at p. 700.) The California Supreme Court transferred this case back to this court with directions to vacate our decision and reconsider the matter in light of *Tirado*. We have done so and now reverse the judgment and remand for resentencing.

## I. BACKGROUND[2]

On November 14, 2013, the victim went to a parking lot to purchase cocaine from another individual. The victim was in his car. Defendant approached the victim, passed his hand in and then out of the driver's side window, and pulled out a gun. He then moved away from the car and fatally shot the victim. The prosecution's theory was that defendant intended to rob the victim and shot him when he resisted. Defendant testified at trial that he shot the victim in self defense.

Defendant was charged with murder (§ 187) and second degree robbery (§§ 211-215, subd. (c)). As to each count, it was also alleged that defendant personally discharged a firearm, causing the victim's death (§ 12022.53, subd. (d)).

A jury convicted defendant of second degree murder, found true the firearm enhancement allegation, but could not reach a verdict on the robbery count, and the trial court declared a mistrial on that count. The court sentenced defendant to an indeterminate term of 40 years to life, consisting of 15 years to life for the murder and

---

[2] This court granted defendant's request for judicial notice of the record and opinion in his prior appeal (*People v. Hoang* (Apr. 27, 2018, H042876) [nonpub. opn.].) The procedural history set forth below is taken in part from our prior opinion.

25 years to life for the section 12022.53, subdivision (d) enhancement.  Defendant appealed.

While the appeal was pending, section 12022.53, subdivision (h) was amended[3] to state:  "The court may, in the interests of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."  This court reversed the judgment and "remanded for the sole purpose of allowing the trial court to exercise its discretion under section 12022.53, subdivision (h), by deciding whether to strike defendant's section 12022.53 firearm enhancement."

After a hearing, the trial court declined to exercise its discretion to strike the firearm enhancement, finding that it would not be "in the interest of justice to strike or dismiss the enhancement" as requested.  Defense counsel also requested that the court consider "the possibility of giving a ten- or a 20-year enhancement."  The court stated it would not consider the request:  "[T]he remittitur specifically says that it's remitted to the Court for determination as to whether or not the Court will dismiss, now that it has the discretion, to dismiss or strike punishment for the 25-year-to-life enhancement.  It does not say that the Court can resentence with a different enhancement.  It says it's remanding just for that consideration as to whether or not the Court would strike the enhancement . . . that's the way I read the remittitur."

II.    **DISCUSSION**

"Section 12022.53 sets forth the following escalating additional and consecutive penalties, beyond that imposed for the substantive crime, for use of a firearm in the commission of specified felonies, including attempted premeditated murder:  a 10-year prison term for personal use of a firearm, even if the weapon is not operable or loaded (*id.*, subd. (b)); a 20-year term if the defendant 'personally and intentionally discharges a

---

[3] Effective January 1, 2018, the Legislature enacted Senate Bill No. 620 (2017- 2018 Reg. Sess.), which amended section 12022.53, subdivision (h). (Stats. 2017, ch. 682, § 2.)

firearm' (*id.*, subd. (c)); and a 25-year-to-life term if the intentional discharge of the firearm causes 'great bodily injury' or 'death, to any person other than an accomplice' (*id.*, subd. (d))." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1124.) Under section 12022.53, subdivision (j), "[f]or these enhancements to apply, the requisite facts must be alleged in the information or indictment, and the defendant must admit those facts or the trier of fact must find them to be true." (*Gonzalez*, at pp. 1124-1125.)

After the amendment to section 12022.53, subdivision (h), in *People v. Morrison* (2019) 34 Cal.App.5th 217, Division Five of the First Appellate District held that trial courts have "discretion to impose an enhancement under section 12022.53, subdivision (b) or (c) as a middle ground to a lifetime enhancement under section 12022.53, subdivision (d), if such an outcome [is] found to be in the interests of justice under section 1385." (*Morrison,* at p. 223.)

In *Tirado*, the California Supreme Court concluded that *Morrison* "correctly described the scope of a trial court's sentencing discretion under section 12022.53." (*Tirado*, *supra*, 12 Cal.5th at p. 697.) *Tirado* explained that the "statutory framework" of section 12022.53, as amended by Senate Bill No. 620, "permits a court to strike the section 12022.53(d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead." (*Tirado*, at p. 692.) "To summarize: When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)." (*Tirado*, at p. 700.) "[T]he Legislature has permitted courts to impose the penalties under section 12022.53(b), (c), or (d) so long as the existence of facts required by the relevant subdivision has been alleged and found true." (*Id.* at p. 702.)

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) "Relief from a trial court's misunderstanding of its sentencing discretion is available on direct appeal when such misapprehension is affirmatively demonstrated by the record." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1026.)

Here, the record affirmatively demonstrates such misapprehension. At the sentencing hearing on remand, defendant expressly asked the court to impose a 10-year or 20-year firearm enhancement under section 12022.53, subdivision (b) or (c), instead of the subdivision (d) enhancement of 25 years to life. The court specifically rejected defendant's argument, stating it understood the remittitur as limiting the court's authority to a "determination as to whether or not the Court will dismiss . . . or strike punishment for the 25-year-to-life enhancement."

Based on the trial court's statements, we cannot conclude that the trial court would have reached the same decision even if it had been aware that it had the discretion to impose a section 12022.53, subdivision (b) or (c) firearm enhancement. Thus, we remand the matter again for the court to decide whether to exercise its discretion pursuant to section 1385 as to the section 12022.53, subdivision (d) enhancement, as set forth in *Tirado*.

**III.    DISPOSITION**

The judgment is reversed, and the matter is remanded for resentencing.  On remand, the trial court is directed to consider whether to exercise its discretion to strike the section 12022.53, subdivision (d) enhancement.  If the court decides to exercise such discretion, it shall consider whether to instead impose a section 12022.53, subdivision (b) or (c) enhancement "so long as the existence of facts required by the relevant subdivision has been alleged and found true."  (*Tirado*, *supra*, 12 Cal.5th at p. 702.)  If the court strikes the section 12022.53, subdivision (d) enhancement, it shall resentence defendant. If it does not do so, it shall reinstate the judgment.

_____
ELIA, ACTING P.J.

WE CONCUR:


_____
BAMATTRE-MANOUKIAN, J.



_____
DANNER, J.




*People v. Hoang*
H046550

7